**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36762**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 553 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 20, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN DOE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction and concurrent unified sentences of fourteen years, with minimum periods of confinement of five years, for two counts of forgery and a consecutive unified sentence of fourteen years, with a minimum period of confinement of five years for one count of forgery, affirmed; order denying I.C.R. 35 motions for reduction of sentences, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

John Doe pled guilty to three counts of forgery. I.C. § 18-3601. In exchange for his guilty pleas, additional charges including an allegation Doe was a persistent violator were dismissed. The district court sentenced Doe to concurrent unified sentences of fourteen years, with minimum periods of confinement of five years, for two counts of forgery and a consecutive unified sentence of fourteen years, with a minimum period of confinement of five years for one count of forgery. The district court also ordered that Doe's sentences run concurrent with

1

unrelated sentences in Utah. Doe filed an I.C.R 35 motion, which the district court denied. Doe appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Doe's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Doe's judgment of conviction and sentences, and the district court's order denying Doe's Rule 35 motion, are affirmed.